ERNEST SIMPSON CONSTRUCTION COMPANY, Movant,

v.

Elizabeth CONN, Widow of Roy Cecil Conn., deceased; and Worker's Compensation Board of Kentucky, Respondents.

Supreme Court of Kentucky.

·Dec. 15, 1981.

Ralph T. McDermott, and David O. Welch, Ashland, for movant.

W. Jeffrey Scott, Creech, Conn, Dill & Scott, Ashland, Gerald V. Roberts, Director, Worker's Compensation Bd., Dept. of Labor, Frankfort, for respondents.

STEPHENS, Justice.

The issue we decide is whether the penalty clause of KRS 342.165 can be invoked against a general contractor when the claimant is an employee of a subcontractor which has secured the requisite compensation benefits.

Roy Cecil Conn was an employee of Geneva Construction Company, (hereinafter referred to as Geneva), which was a subcontractor to movant, Ernest Simpson Construction Company (Simpson). Simpson was the general contractor for the construction of the Lawrence County High School.

Although there is some factual dispute, it is clear that Conn was killed while doing

masonry work in a stairwell in the school building which was being constructed by Simpson. The incomplete opening to the stairwell was covered by boards which were not secured in place and apparently Conn fell through. The "cover" of loose boards was a violation of the regulations of the Kentucky Occupational Safety and Health Standards Board (KOSHA), promulgated pursuant to KRS 338.051.

Conn's widow filed a claim before the Worker's Compensation Board, naming only her husband's employer, Geneva, as a defendant. Simpson was named as a defendant later in the proceedings. The Board ordered Geneva's insurance carrier to pay the normal death benefits, and directed Simpson (the general contractor) or its carrier to pay a 15% penalty to the widow, under the provisions of KRS 342.165. Simpson appealed this part of the Board's order to the circuit court, which affirmed the award. An appeal was taken to the Court of Appeals, which also affirmed. We granted discretionary review.

The Court of Appeals determined that the general contractor, Simpson, for purposes of assessing a penalty under KRS 342.165, was the "employer" of the decedent, Conn, even though Conn's actual employer, a subcontractor, had the required compensation insurance. The court rationalized its view by pointing out that the violation of the KOSHA regulation was the fault of Simpson, and if they had not so found, Simpson would have escaped liability to the injured party under ordinary tort law.

The contested award was made to the widow under the terms of KRS 342.165, the applicable part of which is as follows:

"*Increase or decrease in compensation for failure to comply with safety law.* —If an accident is caused in any degree by the intentional failure of the *employer* to comply with any specific statute or lawful regulation made thereunder, communicated to such employer and relative to installation or maintenance of safety appliances or methods, *the compensation for which the employer would otherwise have been liable under this chapter* shall be increased fifteen percent (15%) in the amount of each payment. . . ." (emphasis added).

The purpose of this statute is not to compensate workers or their families but to penalize those employers who intentionally fail to comply with safety regulations. By its terms, the statute requires two conditions to be operative before the penalty can be applied. The accident to the employee must have been caused by:

1) the employer of the injured party, and,

2) the employer must be the employer who would otherwise have been liable for the payment of worker's compensation benefits.

Because Conn's employer, Geneva, had worker's compensation insurance, the general contractor, Simpson, was not liable for compensation benefits. KRS 342.610 provides that a contractor who subcontracts all or part of his contract is liable for the payment of worker's compensation benefits *unless the subcontractor has obtained compensation insurance.* In the case *sub judice,* the subcontractor employer of the decedent did have insurance, and therefore, the general contractor, Simpson, was not liable.

Under the specific wording of the statute, for the "employer" to be liable for the penalty, he must have been the employer of the injured party and must "otherwise have been liable under this chapter" (for compensation benefits). Since Simpson was not liable for the benefits and, moreover, since Simpson was not the employer of the decedent, neither of the requirements of the statute has been met. It follows that the Court of Appeals and the trial court were in error in so ruling.

It may be true, as the Court of Appeals implies, that since Simpson's action caused the death of Conn, there is some injustice in denying a recovery to his widow. However, the General Assembly which authored the penalty statute provided the conditions for the application thereof and, as stated, they are not applicable to the case at bar. What we have here is a hiatus in the law, which can only be eliminated by legislative action.

The decision of the Court of Appeals is reversed and the case is remanded to the trial court with directions to enter a judgment in conformity with this opinion.

All concur.