**APEX MINING, Appellant,**

v.

**Sherman BLANKENSHIP; Robert L. Whittaker, Acting Director of Special Fund; Irene Steen, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 95–SC–671–WC.**

Supreme Court of Kentucky.

March 21, 1996.

William A. Miller, Sr., Stanley S. Dawson, Ferreri & Fogle, Louisville, for Appellant.

Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, for Appellee Blankenship.

Joel D. Zakem, Labor Cabinet—Special Fund, Louisville, for Appellee Whittaker.

## OPINION OF THE COURT

In addition to questions of evidence, this appeal concerns two matters of first impression: 1.) whether, upon proof of the requisite facts, an injured worker is entitled to receive the 15% penalty authorized by KRS 342.165 in addition to income benefits for total disability, and 2.) whether the violation of KRS 338.031 which occurred in this case constitutes a safety violation for the purposes of KRS 342.165.

Claimant was permanently disabled as a result of an accident which occurred while he was operating a road grader, and an award of benefits for total disability was entered. Pursuant to a remand by the Workers' Compensation Board (Board) to make factual findings in conformity with KRS 342.165, the Administrative Law Judge (ALJ) found that the employer had provided claimant with "a defective grader, the throttle of which was tied wide open with an 'O' ring. Additionally, it had defective brakes, the decelerator pedal was not in proper condition, and the equipment could only be stopped by lowering the grader blade." The ALJ also determined that the employer knew of the defective condition and had failed to repair it, an intentional act of non-compliance with KRS 338.031. Furthermore, the ALJ believed that the defective condition of the machine had contributed in some degree to claimant's accident. Accordingly, the ALJ concluded that the employer would have been subject to the 15% penalty set forth in KRS 342.165 but for the fact that the claimant already was to receive a benefit for total disability. All parties appealed.

At the time of the injury, KRS 342.165 provided, in pertinent part, as follows:

If an accident is caused in any degree by the intentional failure of the employer to comply with any specific statute or lawful regulation made thereunder, communicat- ed to such employer and relative to instal- lation or maintenance of safety appliances or methods, the compensation for which the employer would otherwise have been liable under this chapter shall be increased fifteen percent (15%) in the amount of each payment.

KRS 338.031 provided, in pertinent part:

(1) Each employer:

(a) Shall furnish to each of his employ- ees employment and a place of employ- ment which are free from recognized haz- ards that are causing or are likely to cause death or serious physical harm to his em- ployees;

(b) Shall comply with occupational safe- ty and health standards promulgated un- der this chapter.

The Board rejected the employer's argu- ments that factual findings concerning the safety violation were not supported by the evidence and that a violation of KRS 338.031 did not constitute a violation under the lan- guage of KRS 342.165. The Board noted that KRS 338.031 was not as specific as might be desirable but that it was sufficiently specific in view of the fact that there ap- peared to be no statute or regulation which explicitly required working brakes on a grad- er, yet it was "obvious to anyone" that such equipment was hazardous without brakes. The Board noted evidence that, on other occasions, employees had been forced to crash the grader into other equipment in order to stop it.

The Board reversed the ALJ's determina- tion that the worker could not receive the 15% penalty in addition to the total disabili- ty benefit, explaining that the ALJ's ruling would defeat the purpose of the penalty provision and citing Larson, *The Law of Workmen's Compensation*, § 70.10, *et seq.* Accordingly, the proposal set forth by the Special Fund was rejected, and the Board again remanded the case for the entry of a conforming order. The employer appealed.

The Court of Appeals agreed with the Board that the ALJ's findings on the issues of employer knowledge and causation were supported by substantial evidence which con- formed to the requirements of KRS 342.165.

Furthermore, the Court of Appeals emphasized that there is no conflict in permitting a worker to receive benefits which exceed the statutory maximum for total disability in a case where the excess results from an employer penalty pursuant to KRS 342.165, yet prohibiting a benefit which exceeds the statutory maximum in cases involving multiple disabilities. In addressing whether this employer's safety violation came within KRS 342.165, the court agreed with the Board that KRS 338.031 was general in nature. However, the court concluded that to require a worker to operate a piece of heavy equipment which possessed the defects present in this case was an obvious violation of basic safety concepts which it refused to ratify. Accordingly, the Court of Appeals affirmed the decision of the Board. The employer appeals.

■ After reviewing the evidence, we reject the employer's assertions that the ALJ misunderstood the evidence and that the ALJ's findings of employer intent and causation were not supported by substantial evidence which conformed to the requirements of KRS 342.165. As noted by the Court of Appeals, there was evidence that supervisory personnel, including claimant's foreman, were aware of the defective condition of the grader. Furthermore, KRS 338.031, a part of the Kentucky Occupational Safety and Health Act (KOSHA), was enacted in 1972, precluding an argument that the employer was unaware of its requirements. Under those circumstances, we agree that substantial evidence supported the ALJ's inference that the employer's violation of KRS 338.031 was intentional. Likewise, the ALJ cited ample evidence to support the conclusion that the grader was moving faster than it would have been had it not been defective, thereby contributing to the severity of the accident. This finding satisfies the requirement of KRS 342.165 that the work-related accident be caused "in any degree" by the employer's safety violation.

KRS 342.165 penalizes a worker's or employer's intentional violation of a specific statute or regulation which relates to the installation or maintenance of safety appliances or methods. The employer asserts that KRS 342.165 does not apply to these facts because brakes and throttles "are a portion of the ordinary operating mechanism of any piece of equipment and most certainly cannot be categorized as safety appliances." We observe that, particularly where the evidence demonstrates that the operator of a piece of heavy equipment could not control its speed with reasonable precision because the machine's throttle was fastened wide open, the decelerator pedal was not in proper condition, and the brakes were defective, the throttle and brakes most certainly can and should be viewed as safety appliances. *See* *Scudamore v. Horton,* Ky., 426 S.W.2d 142 (1968); KRS 189.090.

■ It is apparent that the goal of the penalty provision contained in KRS 342.165 is to promote workplace safety by encouraging workers and employers to follow safety rules and regulations. KRS 338.031(1)(a) requires an employer to provide a workplace which is free from "recognized hazards" that cause or are likely to cause death or serious physical harm, a requirement that is consistent with the purpose of KRS 342.165. The employer acknowledges that failure to keep a grader in good repair may violate what it characterizes as KRS 338.031's "general" requirement to furnish workers with safe equipment. However, it asserts that a violation of KRS 338.031 does not constitute a violation of a "specific statute," as contemplated by KRS 342.165.

Apparently there is no statute or regulation which explicitly requires an employer to keep the brakes and decelerator of a grader in good operating condition as well as to refrain from fastening the throttle in the full open position. In *Gibbs Automatic Moulding Company v. Bullock,* Ky., 438 S.W.2d 793 (1969), the Court construed the requirements of KRS 342.165 and noted that the basis for penalizing an employer pursuant to the statute is that the worker's injury resulted, in some degree, from the employer's intentional failure to comply with a safety statute or regulation of which the employer was aware. As previously discussed, the employer was presumed to be aware of the requirements of KRS 338.031. We acknowledge that the term "recognized hazards," as used in KRS

338.031 could be construed broadly to include hazards which were recognized by safety experts but which might not be apparent to workers or employers. However, we observe that this case does not concern a safety hazard of which this employer could reasonably have been unaware, but one that was obvious. There was substantial evidence that the employer was aware of the defective condition of the grader, and it is apparent, even to the lay person, that a piece of heavy equipment without brakes, with a decelerator that is not in proper condition, and with a throttle which is fastened in the wide open position creates a safety hazard. In fact, the Board referred to evidence that other operators had been forced to crash the defective machine into other equipment in order to stop it.

Although we recognize that KRS 338.031 is not as specific a statute as might be desirable, we also are mindful that the Workers' Compensation Act is social legislation which is to be construed liberally and in a manner consistent with accomplishing the legislative purpose. Therefore, we conclude that the particular violation of KRS 338.031(1)(a) which is presented by the facts of this case sufficiently complied with the requirements of KRS 342.165 to justify the imposition of a penalty. We believe that any other construction of KRS 342.165 on these facts would cause an absurd result which clearly would be at odds with the legislature's intent in enacting the provision.

Finally, the employer argues that this worker should not be permitted to receive the 15% penalty in addition to an award of income benefits for total disability. Contrary to the employer's assertion, KRS 342.730(1)(a) does not limit "compensation" to 100% of the state's average weekly wage; it limits "income benefits" which are but one form of compensation. Consistent with its purpose of preventing workplace injuries, KRS 342.165 imposes a monetary penalty for certain safety violations. KRS 342.165 penalizes employer misconduct with a 15% increase in each payment of "compensation" for which the employer would otherwise have been liable and penalizes worker misconduct with a 15% decrease in compensation. Re-

gardless of whether the penalty is computed as a function of an income benefit or other compensation, the penalty clearly is not an income benefit and presents no conflict with the limitation on income benefits which is contained in KRS 342.730(1)(a). Likewise, this situation presents no conflict with *Cabe v. Skeens,* Ky., 422 S.W.2d 884 (1967), and other cases which involve compensation in the form of income benefits for multiple disabilities. We conclude that, pursuant to the appropriate findings, Chapter 342 permits a worker to receive an income benefit for total disability as well as a 15% increase in compensation pursuant to KRS 342.165.

The decision of the Court of Appeals is hereby affirmed, and the case is remanded to the ALJ for the entry of an order assessing a penalty against the employer pursuant to KRS 342.165 in accordance with the ALJ's previous findings of fact.

STEPHENS, C.J., and GRAVES, KING, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.