KENTUCKY EMPLOYERS' MUTUAL
INSURANCE, Appellant,

v.

J & R MINING, INC.; Earl Reed, Jr.,
Deceased; Barbara Sue Reed; Stepha-
nie Hammons, Administratrix of the
Estate of Earl Reed, Jr.; Uninsured
Employers' Fund; Honorable Howard
E. Frasier, Jr., Administrative Law
Judge; and Workers' Compensation
Board, Appellees.

No. 2008–SC–000257–WC.

Supreme Court of Kentucky.

March 19, 2009.

Barry Lewis, Lewis and Lewis Law Of-
fices, Hazard, KY, Counsel for Appellant,
Kentucky Employers' Mutual Insurance.

James R. Stansbury, J. Robert Stans-
bury, PLLC, London, KY, Counsel for Ap-
pellees, Earl Reed, Jr., Deceased; Bar-
bara Reed; And Stephanie Hammons.

Brent R. Baughman, Melissa Norman
Bork, Greenebaum Doll & McDonald,
PLLC, Louisville, KY, Counsel for Amicus
Curiae, Property Casualty Insurers Asso-
ciation of America.

H. Edward O'Daniel, Jr., Springfield,
KY, Counsel for Amicus Curiae, American
Insurance Association.

### OPINION OF THE COURT

An Administrative Law Judge (ALJ) de-
termined that Earl Reed, Jr. was an em-
ployee of J & R Mining, Inc., at the time of
his fatal work-related injury and awarded
benefits to his estate and surviving spouse.
The Workers' Compensation Board and
the Court of Appeals affirmed. Appealing,
Kentucky Employers' Mutual Insurance
(KEMI) asserts that J & R's policy did not
cover Reed because he was an owner of
the company and requested a policy en-
dorsement that excluded him.

We affirm. Reed co-owned J & R and
was a corporate officer. As such, KRS
342.640 considered him to be the corpora-
tion's employee regardless of whether he
was also a shareholder. KRS 342.375 re-
quires every workers' compensation insur-
ance contract to cover an employer's entire
liability. Thus, KEMI's policy covered
Reed despite an endorsement to the con-
trary because nothing indicated that he
executed a notice of rejection or that J &

R filed such a notice with the Office of Workers' Claims as KRS 342.395(1) requires.

Reed and his wife, Barbara Sue Reed, co-owned J & R. He was the corporation's president and treasurer. She was its vice-president and secretary. KEMI issued J & R a workers' compensation insurance policy that remained in effect when Reed died from a work-related accident on November 9, 2004. Reed's estate and Mrs. Reed sought benefits under KRS 342.750. The ALJ bifurcated the issue of coverage from that of benefits because KEMI asserted, among other things, that its policy did not cover Reed. The parties submitted depositions and briefs but waived a hearing.

Steve Marks, an underwriting supervisor at KEMI, testified that KEMI automatically includes the owners and officers of a corporation within a policy's coverage unless they specifically request to be excluded. He also testified that J & R's application for workers' compensation insurance indicated that each of the Reeds was a 50% owner of the corporation and that each requested to be excluded from coverage. Thus, J & R's policy contained an endorsement to that effect, entitled "Sole Proprietor, Partners, Officers and Other Exclusion Endorsement." KEMI charged a lower premium for the policy as a consequence. Marks testified that KEMI verified Reed's rejection of coverage annually but did not state that it did so with the Office of Workers' Claims.

Mrs. Reed testified that she had no knowledge of an endorsement that excluded her and her husband from coverage under J & R's policy with KEMI. She acknowledged that she had not reviewed the policy before her husband's accident but testified that both of them thought they were covered. She also submitted samples of her husband's signature and asserted that they did not match the signatures on KEMI's documents.

The ALJ found that KEMI charged no premium to cover Reed; that its policy contained an endorsement that excluded Reed; and that Reed was both J & R's 50% owner and executive officer. Nonetheless, the ALJ concluded that KEMI failed to prove that its policy did not cover Reed. Not only did it fail to show that the signatures on the documents it submitted were his, it failed to show that J & R filed a waiver of coverage with the Office of Workers' Claims before his injury. A subsequent decision awarded death benefits to Reed's estate and survivors' benefits to his widow.

KEMI argues on appeal that although KRS 342.640 considers a corporation's executive officers to be its employees, KRS 342.012 allows executive officers who are corporate owners to exempt themselves from coverage. KEMI asserts that J & R's policy did not cover Reed, pointing to a policy endorsement that lists him and states that the policy "does not cover bodily injury to any person described in the schedule." KEMI argues that the National Council on Compensation Insurance authored the terms of the endorsement and that they do not conflict with public policy or any statute. Moreover, they are consistent with KRS 342.012 and KRS 342.640 and enable business owners, including those who are corporate executive officers, to purchase more affordable workers' compensation coverage by excluding themselves. It maintains that Reed did so by means of the endorsement.

KEMI asserts correctly that a business owner has a right to be treated as an entrepreneur and excluded from coverage under Chapter 342. KRS 342.012 does not consider a business owner to be the business's employee unless the owner elects to be covered and obtains an endorsement to

the business's workers' compensation insurance policy. KRS 342.640 applies a different rule when the business is a corporation of which an owner is an executive officer.

KRS 342.640 is clear. It considers *every* executive officer of a corporation to be an employee and makes no exception for shareholders. Like any other employee, such an individual may opt out of Chapter 342's protection. KRS 342.395(1) and 803 KAR 25:130, § 1 prescribe the method for doing so. KEMI is correct in stating that the endorsement at issue does not conflict with public policy or a statute. The endorsement simply is not enough, by itself, to comply with KRS 342.395(1) and 803 KAR 25:130, § 1.

KRS 342.395(1) states in pertinent part as follows:

> Where an employer is subject to this chapter, then every employee of that employer ... shall be deemed to have accepted all the provisions of this chapter and shall be bound thereby unless he shall have filed, prior to the injury ... written notice to the contrary with the employer.... However, before an employee's written notice of rejection shall be considered effective, the employer shall file the employee's notice of rejection with the Office of Workers' Claims.

Consistent with KRS 342.395(1), 803 KAR 25:130, § 1 requires an employee who wishes to opt out of Chapter 342 to submit a notarized Form 4 notice of rejection to the employer. The notice of rejection does not become effective until the employer files it with the Office of Workers' Claims.

An executive officer of a corporation must, like any other employee, follow the procedures that KRS 342.395(1) and 803 KAR 25:130 set forth to opt out of cover-age under Chapter 342. KRS 342.395(1) and 803 KAR 25:130 make no exception for an executive officer who is also a corporate shareholder. Not only do the procedures protect employees who wish to remain within Chapter 342's coverage. They also protect insurance companies. We say this because KRS 342.375 requires every workers' compensation insurance contract to cover an employer's entire liability to every employee unless the employee has rejected coverage.[1] An insurance company may protect itself by issuing an endorsement that excludes a named employee only after it verifies that the Office of Workers' Claims has on file the employee's properly-executed Form 4.

Reed was J & R's employee under KRS 342.640 because he was the corporate president and treasurer. Nothing indicates that he executed a notice of rejection or that J & R filed such a notice with the Office of Workers' Claims. Thus, KEMI's policy covered him despite the endorsement.

The decision of the Court of Appeals is affirmed.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER, and SCOTT, JJ., concur. VENTERS, J., concurs in result only.

---

**1.** *AIG/AIU Insurance Company v. South Akers Mining Company, LLC.,* 192 S.W.3d 687, 688 (Ky.2006).