RENDERED: OCTOBER 29, 2009
TO BE PUBLISHED

# Supreme Court of Kentucky

2008-SC-000795-DG

KENTUCKY ASSOCIATED GENERAL
CONTRACTORS SELF-INSURANCE
FUND (KAGC)

APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.          CASE NOS. 2007-CA-000699-MR AND 2007-CA-000736-MR
MONTGOMERY CIRCUIT COURT NO. 07-CI-90021

MUSIC CONSTRUCTION, INC.                                   APPELLEE

## OPINION OF THE COURT

## REVERSING AND REMANDING

This appeal is taken from a Court of Appeals decision to affirm the trial

court's dismissal of a complaint by Kentucky Associated General Contractors

Self-Insurance Fund (KAGC) for failure to state a claim for which relief may be

granted. We accepted discretionary review to consider whether AIG/AIU

Insurance Co. v. South Akers Mining Co., LLC, 192 S.W.3d 687 (Ky. 2006),

bars an action by a workers' compensation insurance carrier, based on the

terms of the contract with its insured, to be reimbursed for the 30% increase in

benefits that resulted from the insured's intentional safety violation.[1] We have

concluded that it does not.

---

[1] See KRS 342.165(1).

Donnie Thacker sustained a work-related injury on July 12, 2001, while working for Music Construction (Music). Thacker was placing pipe in a 13-foot deep trench when the wall collapsed, burying him to the waist for 10 ½ hours and causing serious injuries. His left leg required seven surgeries and was amputated ultimately. Music received KOSHA citations for violating three specific safety regulations[2] and was assessed penalties totaling $4,500. As a consequence, Thacker sought the 30% increase in workers' compensation benefits provided by KRS 342.165(1).

KAGC asserted that Music bore liability for any additional benefits awarded under KRS 342.165(1) based on the parties' contract for workers' compensation insurance. The contract provided the following exclusions from coverage:

### F  Payments You Must Make

You are responsible for any payments in excess of the benefits regularly provided by the workers['] compensation law including those required because:

1. of your serious and willful misconduct;

2. you knowingly employ an employee in violation of law;

3. you fail to comply with a health or safety law or regulation; or

---

[2] The KOSHA investigator determined that Music violated 29 CFR 1926.651(j)(2) by failing to protect employees from a cave-in by placing the spoil pile too close to the excavation; 29 CFR 1926.651(k)(1) by failing to have a properly-trained individual inspect the excavation daily for evidence of circumstances that could result in a cave-in; and 29 CFR 1926.652(a)(1) by failing to provide an adequate protective system, such as by sloping or shoring the walls of the trench.

4. you discharge, coerce or otherwise
discriminate against any employee in violation of
the workers' compensation law.

> If we make any payments in excess of the benefits
> regularly provided by the workers['] compensation law
> on your behalf, you will reimburse us promptly.
> (emphasis added).

An Administrative Law Judge (ALJ) found that Thacker's injuries rendered him permanently and totally disabled. The ALJ also found that Music failed intentionally to comply with the safety regulations for which it was cited and that Thacker was entitled to a 30% increase in his income benefits under KRS 342.165(1). Relying on the decision in AIG/AIU, the ALJ ordered KAGC to pay the increased benefit on Music's behalf despite the terms of the policy.

KAGC states that it has paid permanent total disability benefits from the date of Thacker's injury. It has also made an initial lump-sum payment of $51,222.79 to cover the 30% increase in benefits and interest accrued from the date of injury through April 27, 2006, and has continued since then to pay $159.02 per week to cover the 30% increase. KAGC states that it notified Music of the payments and requested reimbursement twice without success. Thus, it filed a complaint in circuit court based on the terms of their contract. The trial court granted Music's motion to dismiss for failure to state a claim for which relief may be granted. Affirming, the Court of Appeals held that AIG/AIU barred the present action because it addressed the same issue that KAGC raises presently. We disagree and, hence, we reverse.

AIG/AIU was a workers' compensation case in which the insurance policy at issue contained a provision holding the employer responsible for any additional benefits awarded due to the employer's failure to comply with a health or safety law or regulation. The policy also required the employer to reimburse the carrier in the event that the carrier paid such benefits. At issue was whether the ALJ erred by requiring the carrier to pay the injured worker's surviving spouse the increased benefits that were awarded under KRS 342.165(1) despite the contractual terms.

The surviving spouse noted that KRS 342.340(1) and KRS 342.375 require employers to insure their entire liability. She argued that to permit a carrier to exclude liability under KRS 342.165(1) subjects the injured worker to the risk of being unable to collect benefits from an insolvent or recalcitrant employer. She also argued that carriers are free to include the risk of loss under KRS 342.165(1) when setting an employer's premium. The court agreed, also pointing to KRS 342.365. KRS 342.365 requires a workers' compensation carrier to agree to pay promptly all benefits conferred by Chapter 342 and construes the agreement as a direct promise to the injured worker, which is enforceable in the worker's name.

Unlike AIG/AIU, this is not a workers' compensation case. This case involves a contract dispute between a carrier and its insured in which the injured worker has no interest, a matter that was not at issue in AIG/AIU.

4

The parties were without the benefit of the decision in AIG/AIU when contracting for workers' compensation coverage because Thacker's injury occurred in 2001, long before the decision was rendered.[3]

The contract at issue required the employer to reimburse the carrier for payments due to the employer's failure to comply with safety regulations, a provision likely to involve a lower premium than if coverage for benefits awarded under KRS 342.165(1) had been included. Having paid such benefits, the carrier sought reimbursement under the terms of the contract. Hence, the trial court erred by dismissing the action for failure to state a claim for which relief may be granted.

The decision of the Court of Appeals is reversed and this claim is remanded to the Montgomery Circuit Court for further proceedings.

All sitting. All concur.

---

[3] The question of reimbursement should not arise with respect to claims for injuries occurring after the decision in AIG/AIU. In such claims, carriers had and continue to have the opportunity to charge premiums commensurate with their obligation to pay all benefits conferred by Chapter 342, including benefits paid under KRS 342.165(1).

COUNSEL FOR APPELLANT,
KENTUCKY ASSOCIATED GENERAL
CONTRACTORS SELF-INSURANCE
FUND (KAGC):

Douglas Anthony U'Sellis
U'Sellis & Kitchen, PSC
600 East Main Street
Suite 100
Louisville, KY 40202


COUNSEL FOR APPELLEE,
MUSIC CONSTRUCTION, INC.:

Shawn C. Conley
Vanantwerp, Monge, Jones & Edwards
1544 Winchester Ave., 5th Floor
P.O. Box 1111
Ashland, KY 41105-1111