Louis JONES, Appellant,

v.

AEROTEK STAFFING; Hon. Caroline Pitt Clark, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2009–CA–001238–WC.

Court of Appeals of Kentucky.

Jan. 22, 2010.

Jayme L. Hart, Louisville, KY, for appellant.

Ward Ballerstedt, Louisville, KY, for appellee.

Before KELLER and WINE, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

KELLER, Judge.

Louis Jones (Jones) appeals from the Workers' Compensation Board's (the Board) opinion affirming the Administrative Law Judge's (ALJ) opinion and order on reconsideration. On appeal, Jones argues that the ALJ erred when she altered her opinion on reconsideration regarding her award of enhanced permanent partial disability benefits based on a safety violation. Jones also argues that the ALJ erred by not enhancing his temporary total disability benefits based on that safety vio-

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Jus-

lation. For the following reasons, we affirm.

## FACTS

Jones is forty-five years of age, has a high school education, and has worked as a tow truck driver, route salesman, welder, machinist, and in various temporary jobs. On June 27, 2007, Jones was employed by Aerotek Staffing (Aerotek), a temporary employment agency. Through Aerotek, Jones was working at MISA as a laser cutter operator when he was caught in the laser cutter machine (the machine). Jones suffered significant injuries to his ribs, chest, lungs, liver, and head as a result of this accident.

Following his injury, Jones filed an Application for Resolution of Injury Claim, seeking income and medical expense benefits. Aerotek paid those benefits and they are not at issue herein. In addition to Jones's claim for those benefits, Aerotek and Jones both made competing claims that Jones's injuries were the result of safety violations. The ALJ did not find any safety violation by Jones and Aerotek has not appealed that finding. Therefore, we will not further address Aerotek's allegation.

In support of his allegation of a safety violation, Jones testified that the machine is used to cut large sheets of metal into small parts. The laser, which is enclosed by a "safety wall", moves on a carriage (the laser carriage) over the metal sheets. Doors in the safety wall gave Jones access to the parts so that he could inspect them to verify that they met specifications. The machine has several safety devices, the most significant of which is an automatic shut-off switch located on the doors. That switch is designed to stop the laser car-

tice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

riage from moving when the doors are open. Jones testified that personnel at MISA bypassed that safety device so that the laser carriage would not stop moving when an operator opened the doors.

On June 7, 2007, Jones opened the doors and leaned into the machine to inspect a part. While he was leaning into the machine, the laser carriage moved and struck Jones in the head. Jones testified that he lost consciousness and, when he regained consciousness, he was inside the machine caught between the laser carriage and safety wall. Co-workers helped free Jones from the machine and he was transported to the hospital by ambulance. Jones received treatment for his injuries and recovered; although he has some impairment and ongoing symptoms.

In addition to his own testimony, Jones presented testimony from Marvin Boone (Boone). Boone testified that he also worked at MISA through Aerotek and that the automatic shut-off switch on the doors was disabled when Jones was injured. Furthermore, Boone testified that the supervisors at MISA knew the automatic shut-off switch had been disabled. As did Jones, Boone testified that he received all of his training and supervision from MISA personnel.

Aerotek presented only one witness, Sarah Curry (Curry), the MISA account manager from Aerotek. Curry testified that Jones was employed by Aerotek but worked at MISA.

Based on the preceding evidence, the ALJ found that "Defendant . Employer committed an intentional safety violation that resulted in [Jones's] injuries." In doing so, the ALJ relied on "unrebutted testimony of both [Jones] and Mr. Boone . . . that the safety mechanism on Defendant Employer's laser cutting machine was intentionally disengaged by a metal band that prevented the machine from automatically shutting off when its door was open." The ALJ went on to find that "Defendant Employer, or supervisors of Defendant Employer, were actually aware of the hazard or, in the very least, should be imputed with knowledge of the safety hazard." Finally, the ALJ found that the "Defendant Employer violated the 'safe place to work' statute . . . as well as a federal regulation, 29 C.F.R.[2] § 1910.212, that requires machine guarding." Based on those findings, the ALJ ordered Aerotek to pay Jones weekly permanent partial disability benefits at the enhanced rate provided for in Kentucky Revised Statute (KRS) 342.316.

Both Aerotek and Jones filed petitions for reconsideration. Aerotek sought a finding from the ALJ regarding who employed Jones and Jones, in pertinent part, asked the ALJ to award enhanced benefits on temporary total disability as well as permanent partial disability. In her order on reconsideration, the ALJ found that Aerotek was Jones's employer and that the safety violation was committed by MISA. Therefore, the ALJ found that Aerotek was not liable for the enhanced benefits she previously awarded. Because of that finding, the ALJ denied Jones's request to enhance his temporary total disability benefits.

Jones appealed to the Board arguing, as he does here, that Aerotek is liable for enhanced benefits related to the safety violation and that those benefits should be paid for both permanent partial and temporary total disability. The Board disagreed and affirmed the ALJ.

## STANDARD OF REVIEW

■ A reviewing court will only reverse the Board when it has overlooked or misconstrued controlling law or so flagrantly

---

2. Code of Federal Regulations.

erred in evaluating the evidence that it has caused gross injustice. *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687–88 (Ky.1992). Because the issues raised by Jones are issues of law, we review this matter *de novo. Carroll v. Meredith*, 59 S.W.3d 484, 489 (Ky.App.2001).

## ANALYSIS

■ As noted above, Jones argues that Aerotek is liable for enhanced benefits under KRS 342.165 because it failed to provide him with a safe work place. We begin our analysis by examining KRS 342.165, the safety penalty statute, and KRS 338.031, the "safe place to work" statute.

KRS 342.165(1) provides that

[i]f an accident is caused in any degree by the intentional failure of the employer to comply with any specific statute or lawful administrative regulation made thereunder, communicated to the employer and relative to installation or maintenance of safety appliances or methods, the compensation for which the employer would otherwise have been liable under this chapter shall be increased thirty percent (30%) in the amount of each payment.

KRS 338.031(1)(a) provides, in pertinent part, that "[e]ach employer ... [s]hall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees...."

The parties do not dispute that Aerotek, not MISA, was Jones's employer. Therefore, to succeed in a claim for enhanced benefits under KRS 342.165, Jones was required to show that Aerotek, not MISA, intentionally failed "to comply with [a] specific statute or lawful administrative regulation made thereunder."

Jones provided proof, which was uncontroverted, that MISA employees disabled the automatic shut-off switch on the machine doors. That evidence would likely be sufficient to establish that MISA intentionally violated its duty to provide a safe work place to its employees and that MISA intentionally violated the federal safety regulation cited by the ALL However, Jones did not produce any evidence that Aerotek, his employer, participated in disabling the shut-off switch or even knew that the switch had been disabled. Therefore, the ALJ and the Board correctly denied Jones's claim for enhanced benefits because he did not establish any "intentional failure to comply with" a safety statute or regulation on the part of his employer, Aerotek.

We note Jones's argument that Aerotek, like every employer, has a duty to provide a safe work place for its employees. KRS 338.031(1)(a). However, we do not believe that duty extends as far as Jones would like. Taking Jones's argument to its logical conclusion, Aerotek would be required to be familiar with all of the equipment in the facilities where it places employees, all of the federal and state regulations regarding that equipment, and all other federal and state safety regulations related to a particular facility or industry. Furthermore, Aerotek would be required to perform an initial inspection prior to placing employees in a facility and to perform ongoing inspections thereafter to assure itself that no safety violations had occurred or were occurring. We agree with the Board that there is no "credible evidence" that such duties exist. Absent such duties, we agree with the Board that, to establish that a temporary employment agency intentionally violated a safety statute or regulation, an employee must show that the agency "had knowledge of, approved of, directed, or acquiesced in" its client's actions. We agree with the Board that, if there had been evidence that Aerotek had a duty to inspect the premises or knowl-

edge that the shut-off switch had been disabled, the result might have been different. However, absent that evidence, we must conclude that the ALJ and the Board correctly determined that Aerotek is not responsible for this safety violation by MISA.

Finally, we note, as did the Board, that "the result in this case appears unduly harsh and unfair, especially in the [sic] light of the fact that pursuant to [*Ernest Simpson Construction Co. v. Conn,* 625 S.W.2d 850 (Ky.1981) ], Jones has absolutely *no recourse whatsoever* against the arguably negligent, even reckless, acts of" MISA. However, as noted by the Supreme Court of Kentucky in *Conn,* "[w]hat we have here is a hiatus in the law, which can only be eliminated by legislative action." *Conn,* 625 S.W.2d at 851. We would respectfully urge that this matter be reviewed by the legislative branch.

Based on the above, we need not address Jones's argument that he is entitled to the safety violation enhancement for both temporary total and permanent partial disability benefits.

## CONCLUSION

For the foregoing reasons, we affirm the Board.

ALL CONCUR.