WRIGHT, J.,
DISSENTING:
I respectfully dissent, as I believe the ALJ should have treated Mr. Kidd’s motion to reconsider as a motion to approve or enforce a settlement agreement. While the motion was not verified as required by 803 KAR 25:010 § 6(2), as it contained no sworn statements, this defect could have been easily rectified. I would also point out that this requirement is not found in the statute granting jurisdiction, but rather, merely in an administrative regulation.
Mr. Kidd submitted the communications that formed the basis of the settlement agreement with his motion. All that was absent was his notarized signature. This is a classic case of form over substance. It serves neither the administration of justice nor the purposes of the Workers’ Compen *523 sation Act. First, as a Court of Justice, it is better for us to resolve the issue on its merits rather than tossing it out because the motion was not verified. Second, as this Court has noted, we must be “mindful that the Workers’ Compensation Act is social legislation which is to be construed libei’ally and in a manner consistent with accomplishing the legislative purpose.” Apex Min. v. Blankenship, 918 S.W.2d 225, 229 (Ky. 1996). We have also acknowledged, “[a]lthough both the employee and the employer have rights under the Act, the primary purpose of the law is to aid injured or deceased workers.” Zurich Am. Ins. Co. v. Brierly, 936 S.W.2d 561, 563 (Ky. 1996).
In keeping with the administration of justice and the purposes of the Act, I would reverse and remand to the ALJ. ■The ALJ should give Mr. Kidd an opportunity to submit an affidavit demonstrating the facts he alleges. The parties should then present evidence as to the existence of the alleged settlement agreement and the ALJ should hold an evidentiary hearing to determine whether the emails submitted by Mr. Kidd constituted a binding settlement agreement.
In this case, there would be no prejudice to the opposing side and the oversight is easily corrected. A missing signature should not deprive Mr. Kidd of $55,000 if, indeed, the settlement agreement is deemed valid. That result is not only unjust, but it flies in the face of our stated purposes for the Workers’ Compensation Act: to aid injured workers. The legal arena should not be a large-scale game of “gotcha” where people win or lose based on technicalities.
Cunningham, J., joins.